## Case No. 12,190.

### RYBERG et al. v. SNELL.

[2 Wash. C. C. 403.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

BILL OF LADING — ASSIGNMENT — TITLE TRANSFERRED—FACTORS—LIEN FOR BALANCE.

1. If goods be sold and shipped, upon the account and at the risk of the vendee, the bill of lading making the goods deliverable to him, or being assigned to him, transfers the legal title in the goods, to the perfection of which, nothing is wanted but actual possession. Until this be obtained, the vendor retains an equitable right to countermand the delivery of the goods, if the consideration has not been paid, and the consignee has in the mean time failed.

2. If the factor should dispose of goods, bona fide, which have been consigned to him, although the goods had not come into his hands, but the bill of lading has been actually transferred to the vendee, the right of the principal is defeated. But before the authority to sell has been exercised, the owner may countermand the consignment, or sell the goods while in transitu.

[Cited in Valle v. Cerre, 36 Mo. 589.]

3. To constitute a lien by a factor for his balance, possession of the goods by him, and a right in the principal to the property on which the lien is to operate, are necessary.

[Cited in brief in Elliott v. Bradley, 23 Vt. 220.]

This was a motion to take off the nonsuit ordered at the trial. Ryberg v. Snell [Case No. 12,189].

Hallowell & Rawle, for plaintiffs.
Mr. Hopkinson, for defendant.

WASHINGTON, Circuit Justice. The stress of the argument by the plaintiff's counsel, on this motion, is, that a bill of lading conveys to the consignee a legal title to the property; that a factor, being such consignee, and a creditor of the consignor, for the balance of a former account, has equal equity with a person who, bona fide, and for valuable consideration, becomes a purchaser of the property from the consignor, even before possession is acquired by the factor, and is therefore entitled to hold it until his debt is satisfied.

The whole error of this argument, consists in the generality of the first proposition. It

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

is true. that if goods be sold and shipped upon account and at the risk of the vendee, the bill of lading making the goods deliverable to him, or being assigned to him, transfers the legal title in the goods, to the perfection of which, nothing is wanted but actual possession. Until this be obtained, the vendor retains an equitable right to countermand the delivery, if the consideration has not been paid, and the consignee has in the mean time failed. The legal title, in this case, vests in the consignee in virtue of the contract of sale; and the bill of lading, endorsed, is evidence of that contract. But, if goods be consigned generally to a factor, at the risk and for the account of the principal, the bill of lading conveys no more than an avthority to the factor to demand and receive possession of the property from the master; and if the factor should dispose of it, bona fide, and for a valuable consideration, even before actual delivery, by a transfer of the bill of lading, it is equivalent to a sale by the principal; and the right of the principal, or of one claiming under him, is defeated. But if this authority to sell has not been exercised, it is competent to the consignor to vary the destination of the goods, as he pleases and when he pleases; or to sell them whilst they are in transitu, or afterwards, if he think proper to do so. What should prevent him? The factor is his servant in respect to these goods; he has no title to them; and his possession is the possession of his principal. But it is said, that the factor has a lien on the goods, to the amount of the balance due him from the consignor. This would be very true, if the consignor had not parted with his interest in the goods before they came into the possession of the consignee. But, to constitute a lien, two things must concur,—possession by the factor, and a right in the principal to the property upon which the lien is to operate. The goods must come into the actual possession of the factor, the property of the principal; and therefore, if before such possession, the principal has divested himself of all right and title to the goods, the lien never can attach. The proposition contended for by the plaintiffs' counsel, can only be true where the consignment to the factor is founded upon some contract, which vests in him a legal title to the property; as if made for the use of a third person, or of the factor himself, in consideration of advances made, or engagements entered into, on the faith of the consignment, or the like.

A question has been raised upon the argument of this motion which was not thought of at the trial, viz. that Snell, the drawer, was authorized by Gardner & Co. to receive from the plaintiffs the proceeds of this cargo, and to state and settle all accounts with them relating to the same, with the usual power to compromise, &c.; in consequence of which, it is contended, that although the debt due by Echart to the plaintiffs, might not be properly chargeable to Gardner & Co., still, their attorney having admitted the charge, they are bound. This argument again is founded upon a mistake, as to the powers of the defendant, which certainly did not authorize him to draw upon his constituents for a debt due from Echart & Co. or by any act of his, to bind them in any manner to pay a debt for which they were not legally responsible.

RYCRAFT (UNITED STATES v.). See Case No. 16,211.

RYDER (BARNES v.). See Case No. 1,020.

RYER (ROBERTS v.). See Case No. 11,913.

RYERSON (ALLEN v.). See Case No. 235.